ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JOSÉ ORLANDO PÉREZ BÁEZ<br><br>Apelado<br><br>v.<br><br>CARMEN ROSA SAMOT MARRERO T/C/C CARMEN ROSA SAMO MARRERO<br><br>Apelante | KLAN202500013 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Caso Número: TA2024CV00437<br><br>Sobre: División y Liquidación de Sociedad de Bienes Gananciales |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 11 de febrero de 2025.

Este Recurso de *Apelación* fue presentado por la señora Carmen Rosa Samot Marrero (en adelante, Apelante) el 7 de enero de 2025. El Apelado es el señor José Orlando Perez Báez (en adelante, Apelado). La Apelante nos solicita que revoquemos la *Sentencia Sumaria* dictada el 21 de noviembre de 2024, y notificada el 22 de noviembre siguiente, por el Tribunal de Primera Instancia, Sala Superior de Toa Alta (en adelante, TPI). Mediante dicha *Sentencia Sumaria*, el TPI concluyó que no existía controversia real ni sustancial en el caso de epígrafe, y lo desestimó a favor del Apelado.

Por los fundamentos que expondremos, se revoca la *Sentencia Sumaria* apelada.

Número Identificador

SEN2025 _____

**I.**

El 25 de abril de 2024, el Apelado presentó una demanda de división de sociedad de bienes gananciales. En esta, alegó haber estado casado con la Apelante, bajo el régimen de sociedad legal de gananciales, desde el año 1991, hasta divorciarse el 21 de noviembre de 2017. Arguyó que, a la fecha del divorcio, los bienes gananciales incluían bienes muebles y un inmueble ubicado en Toa Baja (en adelante, propiedad ganancial), que fue valorizado en $50,000.00 en el año 2018. Además, indicó que la Apelante permaneció en la propiedad ganancial, en virtud de la adjudicación de hogar seguro, en beneficio de su hijo menor de edad. Sostuvo que dicho beneficio había vencido el 5 de octubre de 2021 cuando su hijo advino la mayoría de edad. Por tanto, solicitó la división de la comunidad de sociedad legal de bienes gananciales y la adjudicación de los bienes. A su vez, peticionó un crédito a su favor, por el tiempo que la Apelante continuara disfrutando del uso y disfrute exclusivo de la propiedad ganancial.

Por su parte, el 28 de mayo de 2024, la Apelante presentó su contestación a la demanda, mediante *Moción Informativa*, por derecho propio. Mediante esta, arguyó haber sido víctima de violencia doméstica durante el matrimonio. Indicó que no existía caudal común y que los bienes muebles alegados en la demanda ya no existían. A su vez, alegó que, el 5 de octubre de 2017, el Apelado fue sacado de la propiedad por virtud de una orden de protección por violencia doméstica. Planteó que la tasación de la propiedad no era correcta, así como, que hizo unas mejoras en esta que fueron sufragadas por ella y sus hijas.

Así las cosas, el 24 de junio de 2024, el TPI concedió a la Apelante veinte (20) días para contratar representación legal, y

señaló una conferencia inicial a ser celebrada el 6 de septiembre de 2024.

Por su parte, el 31 de julio de 2024, el Apelado notificó al TPI, mediante *Moción Informativa y en Solicitud de Orden*, sobre la tasación de la propiedad ganancial. En específico, el Apelado incluyó en su moción un Informe de Tasación en el cual se le asignó un valor de $65,000.00 a la misma.

Tras varios incidentes procesales, el 6 de septiembre de 2024, la vista inicial de los procedimientos fue celebrada. En esta, el TPI reconoció la necesidad de que la Apelante estuviese representada por un abogado, y le concedió veinte (20) días adicionales para que lo contratara después de la Apelante comparecer por derecho propio.

El 17 de septiembre de 2024, el Apelado presentó una *Moción en Solicitud de Sentencia Sumaria* y solicitó dictar Sentencia a su favor por no existir controversia real ni sustancial en torno a los hechos materiales del caso de epígrafe. Indicó que no existía controversia en cuanto al matrimonio y divorcio de ambos, la situación registral de la propiedad ganancial, y el uso y disfrute exclusivo por la Apelante de esta. En específico, sostuvo que la propiedad ganancial es propiedad de la Sociedad Legal de Gananciales compuesta por ambos, debido a que fue adquirida durante la vigencia del matrimonio. Planteó que el valor de la propiedad ganancial era de $65,000.00. Además, arguyó que la Apelante había aceptado estar viviendo en la propiedad ganancial durante tres (3) años, desde que cesó el derecho al hogar seguro, y que no existe controversia en cuanto al derecho de crédito a favor del Apelado. Por tanto, peticionó que se dictara sentencia sumaria declarando a la propiedad ganancial como un inmueble

ganancial, y que ordenara la adjudicación de la misma, mediante *Orden* autorizando al Apelado a contratar un corredor de bienes raíces para la venta al mejor postor. A su vez, solicitó que se otorgara un crédito al Apelado por el uso y disfrute exclusivo de la propiedad ganancial por un término de tres (3) años.

Así, el 25 de octubre de 2024, el TPI emitió una *Orden* en la que concedió veinte (20) días a la Apelante para expresar su posición respecto a la *Moción en Solicitud de Sentencia Sumaria*. Posteriormente, el 15 de noviembre de 2024, el Apelado presentó una *Moción Reiterándonos en Solicitud de Sentencia Sumaria*, en la cual peticionó que se dictara sentencia sumaria a su favor. A su vez, el 19 de noviembre de 2024, la Apelante informó haber contratado a una abogada, mediante *Moción Asumiendo Representación Legal*, y ella solicitó sesenta (60) días para responder a la solicitud de sentencia sumaria. Mediante orden emitida el 21 de noviembre de 2024, el TPI aceptó la representación legal de la Apelante.

Sin embargo, ese mismo día, el 21 de noviembre de 2024 (dos días después de la comparecencia de la abogada que había contratado la Apelante, en el que solicitó sesenta (60) días para responder a la solicitud de sentencia sumaria), el TPI dictó *Sentencia Sumaria* a favor del Apelado. Entre otros dictámenes, el TPI declaró *Ha Lugar* la *Demanda*, y concluyó que no existía controversia real ni sustancial en el caso de epígrafe, por lo que resultaba innecesario celebrar un juicio plenario. En específico, en su aplicación de los hechos al derecho, determinó que no existía ninguna controversia en cuanto a los siguientes hechos materiales:

1. En el caso de epígrafe, no existe ninguna controversia en cuanto a que las partes de epígrafe contrajeron

matrimonio para la fecha de 15 de marzo de 1991, en Toa Baja, Puerto Rico, bajo el régimen de sociedad legal de bienes gananciales, **según surge de Certificado de Matrimonio que obra en el expediente**.

2. No hay controversia en cuanto a que las partes se divorciaron el 21 de noviembre de 2017, **según la Sentencia de Divorcio que obra en el expediente** y que a la parte demandada se le adjudicó el derecho a hogar seguro en beneficio del menor de edad habido entre las partes.

3. No existe controversia real ni sustancial sobre el hecho material que, durante la vigencia del matrimonio, el 7 de noviembre de 2001, la Sociedad Legal de Gananciales compuesta por José Orlando Pérez Báez y su entonces esposa, Carmen Rosa Samot Marrero, adquirieron un bien inmueble ubicado en Barrio Albizu, Sector Candelaria Arena, Calle Lirio, Parcela 217-A, Toa Baja, PR, **hecho que surge de la Certificación Registral del Registro de la Propiedad sobre la Finca #27966**.

4. Surge, además, de la Certificación Registral de la Propiedad Inmueble ganancial que la propiedad no está gravada con una hipoteca, por lo tanto, al presente está libre de deuda.

5. Que todos los bienes del matrimonio se reputan gananciales, mientras no se pruebe que pertenecen privativamente al marido o la mujer. Código Civil de Puerto Rico 1930, 31 L.P.R.A. 3647, Art. 1307

6. Que no existe controversia real o sustancial sobre el valor de la propiedad inmueble ganancial de sesenta y cinco mil dólares ($65,000.00). **La parte demandada no ha refutado el valor asignado por el tasador.**

7. Que no existe controversia real ni sustancial sobre el hecho material que la parte demandada permaneció en la residencia ganancial en virtud de la adjudicación de hogar seguro en beneficio del entonces menor de edad Yamil Alexis Pérez Samot, la cual venció cuando Yamil Alexis Pérez Samot advino a la mayoría de edad hace tres (3) años, la parte demandada admite haber ejercido el derecho exclusivo sobre la propiedad ganancial, beneficiándose de su uso y disfrute, y adjudicándose la administración unilateral de la propiedad inmueble. **Este hecho ha sido aceptado por la parte demandada quién se atribuye la propiedad ganancial como suya.**

8. Que en la Moción presentada por la parte demandada el 17 de septiembre de 2024, **la parte demandada reconoce el derecho al crédito de la parte demandante**, limitándose a sostener que encuentra la cantidad exagerada y que está dispuesta a negociar.

9. Que no existe una controversia real ni sustancial sobre el hecho que la propiedad ganancial tiene cuatro (4) cuartos, se le asigna el valor **aproximado** de renta en el mercado de **$1,200 mensuales**. La parte demandante tiene un derecho a crédito en proporción a su participación de un 50% por la cantidad de seiscientos ($600.00) dólares por el término de tres (3) años, por tanto, tiene derecho a un crédito por la

cantidad de veintiún mil con seiscientos dólares ($21,600.00).

A su vez, autorizó al Apelado a contratar un corredor de bienes raíces para la venta de la propiedad ganancial al mejor postor, e indicó que el valor bruto de la venta se dividiría en partes iguales entre las partes. Además, ordenó a la Apelante a pagar $21,600.00 al Apelado, en concepto del derecho a crédito que tenía a su favor, en virtud del uso exclusivo de la propiedad ganancial.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 7 de enero de 2025, la Apelante compareció ante nos mediante el presente recurso de apelación. En el mismo expuso los siguientes señalamientos de error:

A. ERRÓ EL TPI AL RESOLVER A FAVOR DEL APELADO LA SENTENCIA SUMARIA SIN QUE SE CUMPLIERAN LOS REQUISITOS PARA ELLA

B. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE PROCEDE UN CREDITO CUANDO NO SE CUMPLIERON SUS REQUISITOS

C. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RECONOCER EL DERECHO A UN HOGAR SEGURO A LA APELANTE

D. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR LA VENTA DE LA PROPIEDAD SIN RECONOCER EL DERECHO A RETRACTO DE LA APELANTE

E. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO USAR UN PROCESO GRADUAL DE SANCIONES

El 14 de enero de 2025, emitimos una *Resolución* donde ordenamos al Apelado a presentar su posición en torno al presente recurso, en o antes del 31 de enero de 2025.

Transcurrido el término concedido, el Apelado no presentó su alegato. Habiéndose perfeccionado el recurso para su adjudicación, resolvemos.

## II.

### A. Apelación Civil

El Reglamento del Tribunal de Apelaciones, junto a las Reglas de Procedimiento Civil de Puerto Rico, regulan el trámite y perfeccionamiento de los recursos apelativos. Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98, 104 (2013). Reiteradamente, el Tribunal Supremo ha expresado que las normas sobre el perfeccionamiento de los recursos ante el Tribunal de Apelaciones deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. Pérez Soto v. Cantera Pérez, Inc. et al., *supra*, págs. 104-105; Lugo v. Suárez, 165 DPR 729, 737 (2005).

La etapa de la apelación se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. Dicho recurso se presenta ante un foro de mayor jerarquía cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Tribunal de Primera Instancia. Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA, Ap. VIII, R. 52; González Pagán v. SLG Moret-Brunet, 202 DPR 1062, 1070-1071 (2019). Véase R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

La Regla 52.2(a) de Procedimiento Civil de Puerto Rico establece:

> Los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán ser presentados dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.

Por otro lado, la Regla 13 (A) del Reglamento del Tribunal de Apelaciones dispone que "[l]as apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia".

Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. Soc. de Gananciales v. García Robles, 142 DPR 241, 252 (1997). Así, es norma reconocida que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones, cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. Silva Barreto v. Tejada Martell, 199 DPR 311, 317 (2017). Regla 13(A) del Reglamento del Tribunal de Apelaciones 4 LPRA Ap. XXII-B, R. 13(A).

## B. Moción de Sentencia Sumaria

Es norma reiterada que nuestro ordenamiento procesal civil reconoce el uso y valor del mecanismo de la sentencia sumaria como vehículo para asegurar la solución justa, rápida y económica de aquellos litigios de naturaleza civil en los que no existe una controversia genuina en torno a los hechos materiales que componen la causa de acción que se contempla. Universal Company y otros v. ELA, 211 DPR 455, 472 (2023); Roldán Flores v. M. Cuebas, Inc., 199 DPR 664, 672 (2018); Rodríguez Méndez v. Laser Eye, 195 DPR 769, 785 (2016); Meléndez González et al. v. M. Cuebas, 193 DPR 100, 109 (2015); SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 430 (2013); Ramos Pérez v. Univisión, 178 DPR 200, 213 (2010).

Tal herramienta posibilita la pronta resolución de una controversia cuando no se requiera la celebración de un juicio en su fondo. Ahora bien, para que proceda este mecanismo es necesario que, de los documentos no controvertidos, surja que no hay una controversia real y sustancial sobre los hechos materiales del caso. Universal Company y otros v. ELA, *supra*; Ramos Pérez v. Univisión, *supra*, pág. 214.

La Regla 36.1 de Procedimiento Civil, establece que "una parte que solicite un remedio podrá, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada." 32 LPRA Ap. V, R. 36.1. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Universal Company y otros v. ELA, *supra*; Meléndez González et al. v M. Cuebas, *supra*; Ramos Pérez v. Univisión, *supra*, pág. 213.

Así pues, para adjudicar en los méritos una controversia de forma sumaria, es necesario que, de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y de cualquier otra evidencia ofrecida, surja de que no existe controversia real y sustancial en cuanto a algún hecho material y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente. Pérez Vargas v. Office Depot, 203 DPR 687, 698 (2019); Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V.

La parte promovida, por su parte, deberá presentar una oposición a la solicitud de sentencia sumaria debidamente

fundamentada. Rodríguez Méndez v. Laser Eye, 195 DPR 769, 787 (2016). No podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que deberá contestar en forma detallada y específica, como lo hiciera la parte solicitante. BPPR v. Zorrilla Posada y Otro, 2024 TSPR 62, 214 DPR __ 10(2024); Bobé et al. v. UBS Financial Services, 198 DPR 6, 21 (2017); 32 LPRA Ap. V, R. 36.3(e).

La omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Mun. de Añasco v. ASES et al., 188 DPR 307, 327 (2013); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 556 (2011); González Aristud v. Hosp. Pavía, 168 DPR 127, 138 (2006). Solo procede dictar sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable, y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. Meléndez González et al. v. M. Cuebas, supra, pág. 109.

Si el cúmulo de la evidencia demuestra que en efecto no hay controversia sustancial respecto a algún hecho esencial y pertinente, el tribunal deberá dictar sentencia sumaria, si procede como cuestión de derecho. Esto es, si el derecho así lo justifica. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3; Universal Company y otros v. ELA, supra; Oriental Bank v. Perapi et al., 192 DPR 7, 25 (2014).

Al revisar una determinación de primera instancia, sobre una solicitud de sentencia sumaria, como foro intermedio podemos: (1) considerar los documentos que se presentaron ante

el foro primario, (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. Segarra Rivera v. Int'l Shipping, et al., 208 DPR 964 (2022); Meléndez González et al. v. M. Cuebas, *supra*, pág. 114. Así pues, el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar solicitudes de sentencia sumaria. Esta revisión es una *de novo*. BPPR v. Zorrilla Posada y Otro, *supra*; Cruz López v. Casa Bella, 2024 TSPR 47, 213 DPR __ (2024); Segarra Rivera v. Int'l Shipping, et al., *supra*; Meléndez González et al. v. M. Cuebas, *supra*, pág. 116.

### C. Bienes Gananciales

Por su naturaleza, la Sociedad Legal de Bienes Gananciales es una entidad con personalidad jurídica propia y separada de los dos miembros que la componen. Torres Zayas v. Montano Gómez, 199 DPR 458, 466 (2017). No obstante, el Artículo 507 del Código Civil de Puerto Rico de 2020, indica que, "en el régimen de la sociedad de gananciales, ambos cónyuges son los titulares de los bienes comunes en igualdad de derechos y obligaciones". 31 LPRA sec. 6951. Al disolverse la sociedad, "se atribuyen por mitad los bienes acumulados y las ganancias o beneficios obtenidos indistintamente por cualquiera de ellos, mientras estuvo vigente el matrimonio". *Id*.

El Artículo 513 del Código Civil, *supra*, indica que son bienes gananciales: (a) los adquiridos a título oneroso y a costa del caudal común, bien se haga la adquisición para la sociedad conyugal, para el disfrute y provecho de los miembros de la familia o para uno solo de los cónyuges; (b) los obtenidos por el

trabajo o la industria de cualquiera de los cónyuges. […] 31 LPRA sec. 6965.

Se presumen gananciales los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente a cualquiera de los cónyuges. 31 LPRA sec. 6971. Ante dicha presunción, la naturaleza ganancial de los bienes adquiridos durante el matrimonio es controvertible, y puede ser rebatida por quien alegue que ciertos bienes le pertenecen de forma individual. Muñiz Noriega v. Muñoz Bonet, 177 DPR 967, 980 (2010).

### D. Derecho a Hogar Seguro

Nuestro ordenamiento jurídico ha reconocido el derecho a permanecer en la vivienda familiar y el hogar seguro. El Art. 477 del Código Civil, *supra*, dispone que "cualquiera de los excónyuges o cualquiera de los hijos que quedan bajo su patria potestad, puede solicitar el derecho a permanecer en la vivienda de la Sociedad de Gananciales que constituye el hogar principal del matrimonio y de la familia antes de iniciarse el proceso de divorcio." 31 LPRA sec. 6851.

El Art. 478 establece que las circunstancias que los tribunales deberán considerar para conceder tal derecho son:

a) Los acuerdos de los cónyuges sobre el uso y el destino de la vivienda durante la vigencia del matrimonio y después de su disolución;
b) si el cónyuge solicitante mantiene la custodia de los hijos menores de edad;
c) si el cónyuge solicitante retiene la patria potestad prorrogada o la tutela de los hijos mayores incapacitados o con impedimentos físicos que requieren asistencia especial y constante en el entorno familiar;
d) si los hijos mayores de edad, pero menores de veinticinco (25) años, permanecen en el hogar familiar mientras estudian o se preparan para un oficio;
e) si la vivienda familiar es el único inmueble que puede cumplir razonablemente ese propósito dentro del

patrimonio conyugal, sin que se afecte significativamente el bienestar óptimo de los beneficiados al momento de su concesión con más necesidad de protección;

f) si el cónyuge solicitante, aunque no tenga hijos o, de tenerlos, no vivan en su compañía, necesita de esa protección especial por su edad y situación personal; y

g) cualquier otro factor que sea pertinente para justificar el reclamo.

31 LPRA sec. 6852.

Una vez se concede el derecho a permanecer en la vivienda familiar, el inmueble se convierte en el hogar seguro del solicitante y de quienes convivan con él. A tales efectos, el tribunal deberá identificar a todos los beneficiados en la sentencia y establecerá las condiciones y el plazo en que cada cual ha de disfrutarlo. 31 LPRA sec. 6853.

A su vez, la solicitud del derecho a hogar seguro "tiene el efecto de retirar el inmueble de los procesos de liquidación del régimen económico del matrimonio hasta que desaparezca la causa que justifica su concesión, se cumpla el plazo dado para su uso y disfrute o se solicite la terminación por los excónyuges, los otros beneficiados o por sus herederos respectivos." 31 LPRA sec. 6.

Para la disposición o enajenación de la vivienda familiar, el Art. 483 del Código Civil, *supra*, requiere el consentimiento de ambos excónyuges o autorización judicial. 31 LPRA sec. 6857. No obstante, si algún miembro de la familia con derecho a habitar en el inmueble se opone a ese acto de disposición, debe presentar oportunamente su objeción fundamentada al tribunal. *Id*. El tribunal deberá resolver a favor del interés familiar que amerite mayor protección. *Id*.

**III.**

En el caso ante nos, el TPI emitió *Sentencia Sumaria* a favor del Apelado, al concluir que no existe controversia real ni sustancial en el pleito de epígrafe, lo que no es correcto. Así, declaró *Ha Lugar* la *Demanda* y autorizó al Apelado a contratar un corredor de bienes raíces para la venta de la propiedad ganancial al mejor postor. Indicó que el valor bruto de la venta se dividiría entre las partes en un cincuenta por ciento. Además, en virtud del uso exclusivo de la propiedad ganancial por la Apelante, ordenó a esta a pagar $21,600.00 al Apelado, en concepto del derecho a crédito que tiene a su favor. Dicha cantidad fue computada por el TPI, adjudicándole el valor de $600.00 mensuales durante tres (3) años, desde que culminó el derecho de hogar seguro. Nos expresamos. Nada en los documentos que incluyó el demandante, aquí Apelado, permitía concluir que la renta razonable de esa propiedad sería $1,200.00 mensuales. Veamos.

En primer lugar, al evaluar una sentencia dictada de forma sumaria podemos revisar *de novo* todo lo evaluado por el TPI. Al considerar todos los documentos presentados ante el foro primario, no coincidimos con el Foro Primario en cuanto a la inexistencia de una controversia genuina de los siguientes hechos materiales y esenciales, lo cierto es que no le dio tiempo a la Apelante a que, una vez contratada la representación legal, con Moción solicitando sesenta (60) días para oponerse a la solicitud de sentencia sumaria, la dictara dos (2) días después de la presentación de la Moción Asumiendo Representación Legal de la Apelante.

No vemos controversia en los siguientes hechos determinados:

1. **Según surge del Certificado de Matrimonio que obra en el expediente**, no existe controversia en cuanto a que las partes de epígrafe contrajeron matrimonio para la fecha de 15 de marzo de 1991, bajo el régimen de sociedad legal de bienes gananciales.

2. **Según surge de la Sentencia de Divorcio que obra en el expediente**, no existe controversia en cuanto a que las partes se divorciaron el 21 de noviembre de 2017, y que a la Apelante se le adjudicó el derecho a hogar seguro en beneficio del menor de edad habido entre las partes.

3. **Según surge de la Certificación Registral del Registro de la Propiedad sobre la Finca #27966**, no existe controversia sobre el hecho material que, durante la vigencia del matrimonio, la Sociedad Legal de Gananciales compuesta por ambas partes adquirió la propiedad ganancial, la cual, al presente, está libre de deuda.

4. **Según surge de la Moción Informativa presentada por la Apelante el 28 de mayo de 2024**, no existe controversia sobre el hecho material que la Apelante permaneció en la residencia ganancial en virtud de la adjudicación de hogar seguro en beneficio del entonces menor de edad Yamil Alexis Pérez Samot.

5. **Según surge de la Moción Informativa presentada por la Apelante el 17 de septiembre de 2024**, no existe controversia sobre el hecho material que la Apelante reconoció el derecho al crédito por el Apelado.

6. Se desprende del expediente del caso de epígrafe que la propiedad ganancial, en efecto, es un bien inmueble que le pertenece a la Sociedad Legal de Gananciales compuesta por las partes. A su vez, dicha propiedad ganancial fue adjudicada como hogar seguro, en beneficio del hijo menor de edad entre las partes, quien advino la mayoría de edad el 5 de octubre de 2021. El referido dictamen tuvo el efecto de retirar el inmueble de los procesos de liquidación del régimen económico del matrimonio, hasta que el hijo dejó de ser menor de edad.

Sin embargo, claramente, la Apelante ha expresado en repetidas ocasiones su deseo de permanecer en la propiedad que aún es catalogada como bien inmueble ganancial. Ninguna prueba presentó la parte apelada que permita concluir algún canon mensual como crédito a favor del Apelado y el Foro Primario incidió al dictar sentencia sumaria a favor de este. No procede en este momento la orden de contratar un corredor de bienes raíces para la venta de la propiedad ganancial al mejor postor. Hay que

darle una oportunidad real a la parte Apelante a que exprese su posición ante el TPI en torno a hechos que se reclaman como que no están en controversia. La cuantía razonable de renta mensual que podría asignarse a la casa en los tres (3) años que la Apelante la ha vivido sin la protección de ser hogar seguro del entonces menor está en controversia.

No procede la orden del TPI a la Apelante a pagar $21,600.00 al Apelado, en concepto del derecho a un supuesto crédito que a favor del Apelado. Aunque la Apelante admitió el uso exclusivo de la propiedad ganancial, y expresó su disposición a negociar una mensualidad para pagar por ello, del expediente no surge ninguna prueba que sustente la cantidad a pagar establecida por el Foro Primario. Por tanto, tenemos que resolver que el TPI incidió al imponer dicha cuantía sin recibir prueba admisible que justifique una determinación como esa. Ello de por sí no permitía dictar la sentencia sumaria, como hizo el TPI.

A pesar de que el TPI expresó conceder un término de veinte (20) días para que la Apelante presentara su oposición a la solicitud de sentencia sumaria, la Apelante no consiguió una abogada hasta después de transcurrido el término antes concedido, pero finalmente la consiguió y esta compareció, pero el TPI no le permitió presentar una oposición al dictar la sentencia sumaria dos (2) días después de la comparecencia de la abogada de la Apelante. Además, es sabido que la omisión de presentar evidencia que rebata la presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. A saber, si la evidencia que obra en autos demuestra que existe controversia sustancial respecto a un hecho esencial, o si la sentencia sumaria no procede como cuestión de

derecho, el TPI se abstendrá de desestimar el pleito a favor de la parte promovente y continuará los procedimientos.

Así las cosas, vemos que la adjudicación de la controversia de epígrafe requiere la dilucidación de evidencia a efectos de determinar el término que procede validarse como derecho a un crédito y la cantidad del crédito, si alguna, a pagarse al Apelado por el uso exclusivo de la propiedad ganancial por la Apelante. Además, hay unas alegaciones sobre mejoras a la propiedad sufragadas por la Apelante. No es posible llevar a cabo dicha determinación con los documentos incluidos en la solicitud de sentencia sumaria. A su vez, ante la objeción por la Apelante en el recurso de epígrafe, el tribunal debió denegar la solicitud de sentencia sumaria y permitir un descubrimiento de prueba adicional. Por lo tanto, no procede la resolución de esta controversia por la vía sumaria, en esta etapa y deben continuar los procedimientos.

Por consiguiente, procedemos a revocar la Sentencia contra la que aquí se recurrió y devolver el caso al foro primario para la continuación de los procedimientos.

## IV.

Por los fundamentos antes expuestos, se revoca el dictamen apelado, y devolvemos el caso al foro *a quo* para que continúen los procesos de manera cónsona con nuestros pronunciamientos.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones